UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 2:24-cv-00860-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"), Complaint, and Motion for Appointment of Counsel (ECF Nos. 1, 1-1, 1-2).

**I.     Application to Proceed *in forma pauperis***

Plaintiff submitted the affidavit and documentation required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the

deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Analysis of Plaintiff's Complaint

The Court finds Plaintiff's Complaint is almost indecipherable, making it difficult to determine the true nature of his claims. However, to the extent that the content of Plaintiff's Complaint is understandable it is nonetheless deficient for the following reasons.

#### A. <u>Immunity</u>.

Plaintiff asserts claims against the United States of America, the United States Attorney General, and the United States Department of Justice. ECF No. 1-1 at 2-5. All three of these parties are immune from suit, and therefore the claims against them cannot proceed. *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1047 (D. Nev. 2005) (United States is immune); *Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1273 (E.D. Cal. 2009) (United States Attorney General is immune); *Sosbee v. U.S. Dep't of Just.*, 14 Fed.Appx. 926, 927 (9th Cir. 2001) (United States Department of Justice is immune).

#### B. <u>Plaintiff fails to tie any events in the Complaint to Defendants</u>.

In order to state a claim against the Defendants, Plaintiff must do more than allege a wrong and seek relief. *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011) ("[A] pleading may not simply allege a wrong has been committed and demand relief."). Here, Plaintiff's allegations fails to identify a cause of action such that Defendants could discern what claim or claims Plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted). Plaintiff's complaint fails to put Defendants on notice of the claims against them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

C. <u>Jurisdiction</u>.

Even if the Defendants were not immune, and even if Plaintiff stated a claim, Plaintiff fails to establish personal jurisdiction over Defendants. "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal courts may exercise either general or specific personal jurisdiction over a defendant. *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *3 (D. Nev. Oct. 10, 2012) (internal citations omitted). To establish general jurisdiction, a defendant must have sufficient contacts with the forum state to constitute the "kind of continuous and systematic general business contacts that approximate physical presence." *AMC Fabrication*, 2012 WL 4846152, at *3 (internal citation omitted). Plaintiff alleges no facts suggesting Defendants engage in continuous and systemic general business contact with the State of Nevada sufficient to warrant the exercise of general jurisdiction.

A district court may exercise specific jurisdiction over a defendant if the causes of action "arise[] out of or relate to" the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Determining whether specific jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising specific jurisdiction over Defendants comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

Plaintiff claims that his house in Los Angeles, California was foreclosed on after he failed to pay a "predatory loan," and the foreclosing bank illegally inflated its attorney's fees. ECF No. 1-1 at 4-5. Plaintiff seeks damages from Defendants based on these allegations. *Id.* Plaintiff asserts no

facts demonstrating any events occurred in Nevada let alone that support Defendants have any contacts with Nevada pertaining to the events alleged in the Complaint.

### IV.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but with leave to amend **once**.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend his Complaint to clearly state one or more claims identifying facts supporting causes of action against specific defendants, where events allow this case to proceed in the U.S. District Court for the District of Nevada.  Jurisdiction must be established not merely as to subject matter, but with respect to personal jurisdiction over the Defendants as well.  Plaintiff is advised not to repeat claims asserted against immune Defendants as discussed above.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, he must do so no later than **June 10, 2024**.  Plaintiff amended complaint must be complete in and of itself.  It must contain all the facts on which he bases his claims and must identify the constitutional wrongs engaged in by the Defendants identified.  The Court cannot refer to Plaintiff's original Complaint when it screens Plaintiff's amended complaint.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the terms of this Order may result in a recommendation that this action be dismissed without prejudice.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 1-2) is DENIED without prejudice as premature.

Dated this 9th day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE