UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:24-cv-00860-GMN-EJY<br><br>**ORDER**<br><br>And<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Amended Complaint. ECF No. 9. Plaintiff was granted *in forma pauperis* status on May 9, 2024. ECF No. 4.

**I.    Screening the Amended Complaint**

The Court screens Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2). In this review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    Plaintiff's Amended Complaint Fails to Establish the Court's Jurisdiction**.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

1

1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly referred to as federal question jurisdiction. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing subject matter jurisdiction exists. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff purports to sue the Department of Justice for property loss in Los Angeles, California under the Federal Tort Claims Act ("FTCA") and the Fourteenth Amendment. ECF No. 9 at 1-2, 5-6. However, Plaintiff fails to assert compliance with the administrative requirements that are a prerequisite to bringing his FTCA claim in federal court. ECF No. 9. Well settled law establishes that "[t]he timely filing of an administrative claim is a *jurisdictional prerequisite* to the bringing of a suit under the FTCA, ..., and, as such, should be affirmatively alleged in the complaint. A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (emphasis added).

Further, Plaintiff's Fourteenth Amendment claim against an agency of the United States is considered an action against the United States. *Basler v. United States Department of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). "The Department of Justice is undisputably an agency of the United States. *See* 28 U.S.C. § 501." *Id*. The United States is "immune from suit save as it consents to be

2

sued...." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity."). Indeed, and perhaps more importantly only state, not federal, entities are subject to suit under the Fourteenth Amendment. *Davis v. Passman*, 442 U.S. 228, 238 n.16 (1979).

This is the second time Plaintiff failed to allege a claim over which the Court may exercise jurisdiction. *See* ECF No. 4 in which the Court discussed jurisdiction and immunity, and provided Plaintiff an opportunity to amend. While on this occasion Plaintiff alleges a violation of the FTCA, the U.S. Supreme Court in *McNeil v. United States*, 508 U.S. 106, 110 (1993), held a prematurely filed FTCA lawsuit must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before "substantial progress" has occurred in the case. Plaintiff does not allege exhaustion of his administrative claim, let alone any attempt to exhaust his claim, before bringing suit. Thus, even if Plaintiff attempted to exhaust his FTCA claim now, dismissal is proper.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint is dismissed without prejudice to allow Plaintiff **one and only one** additional opportunity to plead a claim over which the Court has jurisdiction. If Plaintiff chooses to file a Second Amended Complaint that includes a claim under the Federal Tort Claim Act he must demonstrate exhaustion of his administrative rights.

Plaintiff's Second Amended Complaint must be filed no later than **August 30, 2024**. Plaintiff's Second Amended Complaint must be complete in and of itself. The Court cannot refer to Plaintiff's prior filing for purposes of establishing a basis for jurisdiction.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Fourteenth Amendment claim against the Department of Justice be **dismissed** with prejudice as the amendment does not apply to the federal government, which is, in any event, immune from suit in the absence of waiver of immunity.

Dated this 2nd day of August, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).