UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 2:24-cv-00860-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Second Amended Complaint (ECF No. 14) |

**I.   Background**

Pending before the Court is Plaintiff's Second Amended Complaint (the "SAC"). ECF No. 14. The Court screens Plaintiff's SAC under 28 U.S.C. § 1915(e)(2). In this review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court very broadly interprets Plaintiff's Second Amended Complaint, which falls far from the model of clarity, as attempting to state a Federal Torts Claims Act ("FTCA") claim based on the loss of his house that occurred in 2016, but which Plaintiff says he did not discover until 2022. ECF No. 14 at 1. Plaintiff references a supposed Department of Justice ("DOJ") duty to protect Plaintiff from harm and repeatedly refers to settlements, and a relief fund, received by the DOJ that

1

should have gone to homeowners. *Id*. at 2, 3, 5. Plaintiff says he has complied with all prerequisites of FTCA and can now bring this claim. The only defendant Plaintiff names is the United States of America.

**II.   Jurisdiction**

Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency ...." 28 U.S.C. § 2675(a). This requirement is jurisdictional and must be strictly adhered to, cannot be waived, and is strictly construed. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.), *cert denied*, 531 U.S. 1037 (2000); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). "Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction." *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) (citations omitted). The Ninth Circuit further explains:

> [T]here is a jurisdictional requirement of a sum certain that comes from 28 U.S.C. § 2675. The provision of § 2675(b) that requires that an action cannot be instituted for any sum in excess of the amount of the claim presented makes it apparent that the claim must state a sum certain. It is the statute itself that forms the basis for the jurisdictional requirement as we held in *Warren* .... Thus, we hold that … (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.

*Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir.2002) (quoting *Warren v. U.S. Dep't. of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir.1984)) (*en banc*) (citation and quote marks omitted). Plaintiff has not demonstrated that he presented his claim to the Department of Justice or that the damages amount demanded in his Complaint was part of what was submitted. Thus, the Court questions whether Plaintiff has met these jurisdictional prerequisite.

Even if the Court assumes Plaintiff presented his claim to the DOJ, he nonetheless fails to state a claim. In order to state a FTCA claim, "a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination … and to establish subject-matter jurisdiction." *Brownback v. King*, 592 U.S. 209, 218 (2021).[1] While Plaintiff alleges the DOJ received substantial amounts in settlement and

---

[1] The six elements of an FTCA clam include:

2

mentions a DOJ relief fund, Plaintiff describes no facts and cites no law establishing a cognizable cause of action.  Plaintiff cites to an Oregon Revised Statute (ORS § 180.095) that is inapplicable outside the State of Oregon and does not appear to apply generally to Plaintiff's claim regarding his lost home.  Plaintiff also refers to the supplemental jurisdiction statute (28 U.S.C. § 1367), which is not a cause of action.  Plaintiff refers to negligence and wrongful acts as failing under the FTCA, but Plaintiff fails to identify a cognizable duty (that is, a duty established by law) or breach of that lawfully imposed duty that would support a claim of negligence.[2]  ECF No. 14.  Plaintiff's Second Amended Complaint simply concludes over and over that the DOJ had money from settlement, and in a relief fund, that Plaintiff did not get.  Plaintiff does not establish he was entitled to funds under any theory of law or equity.

### III.    Recommendation

This is Plaintiff's third attempt to plead a claim.  Plaintiff has not been able to do so.  While the Court is not unsympathetic to the loss of Plaintiff's home, if any, the Court finds providing Plaintiff a fourth opportunity to plead his claim is not warranted.  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed in its entirety.

Dated this 6th day of December, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

"[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Id.* at 212 (internal citations omitted).

[2]    Well established Nevada law states that to prevail on a negligence claims, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.  *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P. 3d 1276, 1280 (Nev. 2009) (internal citation omitted).

3

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).