UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARYOUSH JAVAHERI,

                Plaintiff,

vs.

UNITED STATES OF AMERICA,

                Defendant.

Case No.: 2:24-cv-00860-GMN-EJY

**ORDER ACCEPTING, IN PART, AND REJECTING, IN PART, REPORT AND RECOMMENDATION**

      Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 17), from United States Magistrate Judge Elayna J. Youchah, which recommends that Plaintiff's case be dismissed in its entirety without leave to amend.  Plaintiff filed an Objection, (ECF No. 18).

      A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

      Plaintiff brings a claim under the Federal Torts Claims Act ("FTCA") for the loss of his

house that occurred in 2016, but which Plaintiff says he did not discover until 2022. (*See generally* Second Am. Compl. ("SAC"), ECF No. 14). Plaintiff references an alleged Department of Justice ("DOJ") duty to protect Plaintiff from harm and repeatedly refers to settlements, and a relief fund, received by the DOJ that should have gone to homeowners. (*Id*. at 2, 3, 5). Plaintiff says he has complied with all prerequisites of the FTCA and can now bring this claim. (*See generally id.*). Plaintiff only names the United States of America as a Defendant. (*Id.*).

The Magistrate Judge correctly identified that Plaintiff failed to allege that he exhausted his administrative remedies after he was instructed that he must do so to support a claim under the FTCA. (R&R 2:4–22, ECF No. 17); (*see* Order & R&R 3:14–18, ECF No. 10). Even more, the Court also agrees with the Magistrate's conclusion that Plaintiff failed to state a claim under the FTCA. (*Id*. 2:23–3:10). But Plaintiff does not object to the Magistrate Judge's conclusions regarding his FTCA claim. Instead, Plaintiff objects to the R&R on the basis that Magistrate Judge Youchah did not consider his "Motion to Add to Second Amended Complaint to Join Parties," (ECF No. 16), when screening the SAC. (*See generally* Obj., ECF No. 17). Plaintiff's Objection also appears to plead new claims, against new parties that *may* relate back to the loss of his home. (*Id.*).

While an Objection is not the correct avenue to amend a complaint through, the Court nonetheless does not conclude that the case should be dismissed without leave to amend. Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Based on the representations made in the Objection, it is not clear that amendment would be futile as to the new parties and claims Plaintiff seeks to add.[1] *Foman v. Davis*, 371

---

[1] The Court agrees with Magistrate Judge Youchah that amendment would be futile in regard to Plaintiff's FTCA claim against the United States.

U.S. 178, 182 (1962) (explaining that the court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ."); *see also* Fed. R. Civ. P. 15(a).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 17), is **ACCEPTED, in part,** and **REJECTED, in part.** The Court accepts Magistrate Judge Youchah's recommendation to dismiss Plaintiff's FTCA claim but rejects her recommendation to dismiss the case in its entirety without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's FTCA claim against Defendant United States is **DISMISSED** without leave to amend. Moreover, the United States is **DISMISSED** as a party.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file a Third Amended Complaint incorporating the parties and claims he identified in his "Motion to Add to Second Amended Complaint to Join Parties," (ECF No. 16), and Objection, (ECF No. 18). The Court refers the Magistrate Judge to screen Plaintiff's Second Amended Complaint.

Dated this __22__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court